## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA

### Lynchburg Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SERVICE DOGS BY | ) | Chapter 7 |
| WARREN RETRIEVERS, INC. | ) | |
| | ) | |
|     Debtor. | ) | Bankruptcy Case |
| | ) | No. 20-60860 |
| COMMONWEALTH OF VIRGINIA, | ) | |
| *EX REL*. MARK R. HERRING, | ) | |
| ATTORNEY GENERAL, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | Contested Matter |
| | ) | No. _____ |
| SERVICE DOGS BY | ) | |
| WARREN RETRIEVERS, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| W. STEPHEN SCOTT, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
|     Respondents. | ) | |

**MOTION FOR EXEMPTION FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(b)(4) OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY FOR CAUSE PURSUANT TO 11 U.S.C. § 362(d)(1) AND NOTICE OF MOTION**

Commonwealth of Virginia, *ex rel*. Mark R. Herring, Attorney General (the "Commonwealth"), by counsel, files this Motion for Exemption from the Automatic Stay pursuant to 11 U.S.C. § 362(b)(4) or, in the alternative, for Relief from the Automatic Stay for Cause pursuant to 11 U.S.C. § 362(d)(1), and Notice of Motion, stating to the Court as follows:

1

**I.    Background**

1.    On or about May 29, 2020 a voluntary Chapter 7 petition was filed by Service Dogs by Warren Retrievers, Inc., a Virginia corporation (the "Debtor").

2.    On or about May 7, 2018, the Commonwealth initiated a civil action in the Circuit Court of Madison County against the Debtor (the "Circuit Court Proceeding").

3.    In the Circuit Court Proceeding, the Commonwealth alleged that the Debtor engaged in activities constituting violations of the Virginia Consumer Protection Act ("VCPA"), Virginia Code §§ 59.1-196 through 59.1-207, and the Virginia Solicitation of Contributions ("VSOC") law, Virginia Code §§ 57-48 through 57-69.

4.    The Commonwealth alleged that the Debtor represented itself as a nonprofit organization devoted to raising, training, and placing service dogs called Diabetic Alert Dogs ("DADs"), but misled and deceived consumers about its DAD program and the dogs it produced, including their testing and training; the DADs skills, abilities, and efficacy; how the DADs could be paid for, and how long consumers would have to pay for them; whether the program was endorsed by JDRF;[1] and whether the Debtor's President and founder, Charles D. Warren, Jr., had ever served or trained dogs in the United States military.

5.    The Commonwealth alleged that the Debtor violated Virginia Code §§ 59.1-200(A)(2), (3), (5), (6) and (14) through the acts and practices described above, and that these violations caused individual consumers to suffer losses. The Commonwealth further alleged that the Debtor violated Virginia Code §§ 57-57(C) and (L) through the acts and practices described above, as well as Virginia Code § 57-57(K) for soliciting contributions in the Commonwealth

---

[1] JDRF (formerly the Juvenile Diabetes Research Foundation) is a charitable organization dedicated to funding Type 1 diabetes research.

without being duly registered with the Virginia Department of Agriculture and Consumer Services.

6. The Commonwealth initiated the Circuit Court Proceeding pursuant to Virginia Code § 59.1-203(A), which authorizes the Attorney General to bring an action on behalf of the Commonwealth to enjoin a supplier from violating the VCPA, and Virginia Code § 57-59(D), which authorizes the Attorney General to bring an action on behalf of the Commonwealth to enjoin any charitable or civic organization from violating the VSOC law.

7. The Commonwealth requested the Circuit Court of Madison County to enjoin the Debtor from violating the VCPA and the VSOC law; to order the Debtor to pay to consumers all sums necessary to restore any money or property acquired from them by the Debtor in connection with violations of the VCPA; to award the Commonwealth civil penalties of two thousand and five hundred dollars ($2,500.00) for each willful violation by the Debtor of the VCPA, and five thousand dollars ($5,000.00) per violation of the VSOC law; to award the Commonwealth one thousand dollars ($1,000.00) for each violation by the Debtor of the VCPA, and two hundred and fifty dollars ($250.00) per violation of the VSOC law, for its costs and reasonable expenses in investigating and preparing the case, and its attorney's fees; and such other and additional relief determined to be just and proper.

**II.**  **Argument**

    **a.**  **The Circuit Court Proceeding is exempt from the automatic stay imposed by 11 U.S.C. § 362(a) based upon the police and regulatory powers exception of 11 U.S.C. § 362(b)(4).**

8. Section 362(a)(1) of the Bankruptcy Code imposes an automatic stay on the commencement or continuation of a judicial, administrative, or other action or proceeding,

3

including recovery of a claim, against a debtor that was or could have been commenced before the filing of a petition in bankruptcy. 11. U.S.C. § 362(a)(1). However, § 362(b)(4) of the Bankruptcy Code excludes from the automatic stay the commencement or continuation of an action or proceeding by a governmental unit to enforce the governmental unit's police and regulatory power, including the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's police or regulatory power. 11 U.S.C. § 362(b)(4).

9. The meaning of the police and regulatory powers exception is explained by its legislative history:

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, *or attempting to fix damages for violation of such a law*, the action or proceeding is not stayed under the automatic stay.
>
> Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment.

*Equal Emp't Opportunity Comm'n v. McLean Trucking Co.*, 834 F.2d 398, 401 (4th Cir. 1987) (quoting S. Rep. No. 989, 95th Cong., 2nd Sess. 52 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5838).

10. The policy reasoning behind the police and regulatory exception was explained by the Third Circuit when it commented that, "Congress recognized . . . that the stay provision was particularly vulnerable to abuse by debtors improperly seeking refuge under the stay in an effort to frustrate necessary governmental functions." *United States v. Nicolet, Inc.*, 857 F.2d 202, 207 (3d Cir. 1988). The Ninth Circuit further explained the theory behind the police and regulatory

exception by stating that "because bankruptcy should not be 'a haven for wrongdoers,' the automatic stay should not prevent governmental regulatory, police and criminal actions from proceeding." *Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.)*, 128 F.3d 1294, 1297 (9th Cir. 1997) (citing 3 Collier on Bankruptcy ¶ 362.05[5][a], at 362-54 (15th ed. 1996)).

11. As police and regulatory power refers to enforcement of laws affecting health, welfare, morals and safety, courts have developed two tests for determining whether an agency's actions fit within the § 362(b)(4) exception: (1) the "pecuniary purpose" test and (2) the "public policy" test. *Id.* (citing *NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 833 (9th Cir. 1991)). Under the pecuniary purpose test, the court must determine whether the government action relates primarily to the protection of the government's pecuniary interest in the debtor's property or to matters of public safety and welfare. *Id.* The public policy test distinguishes between government actions that effectuate public policy as opposed to adjudicating private rights. *Id.*

12. The United States District Court for the District of Maryland held that a case similar to the Circuit Court Proceeding is covered by § 362(b)(4). In *Consumer Protection Division, Office of the Attorney General v. Luskin's, Inc. (In re Luskins, Inc.)*, 213 B.R. 107, 111 (D. Md. 1997), the Maryland Attorney General's Office initiated a legal action against a retailer in an attempt to obtain, among other things, restitution for consumers harmed by the retailer's misrepresentations. *See* 213 B.R. at 109. The company subsequently filed for bankruptcy protection. *Id.* The Attorney General filed a motion seeking either a determination that the stay did not apply or relief from the stay. *Id.* The bankruptcy court modified the stay to allow the Attorney General to proceed with the case to determine liability and to obtain injunctive relief

5

but refused to lift the stay to allow the determination of the Attorney General's monetary claim for restitution. *Id.* The district court determined that the bankruptcy court abused its discretion in refusing to lift the stay with respect to the claim for restitution. *Id.* at 111. In so finding, the district court stated that the Attorney General was asserting "more than a pecuniary interest of the State. In addition to halting unfair trade practices that violate the Maryland Consumer Protection Act, it is attempting to 'implement the broader statutory purpose of protecting the public interest.'" *Id.* (quoting *Consumer Prot. Div. v. Consumer Publ'g Co.*, 304 Md. 731, 779, 501 A.2d 48, 73 (Md. 1986)). *See also Iams Funeral Home, Inc. v. West Virginia ex rel. McGraw*, 392 B.R. 218, 221–22 (N.D. W. Va. 2008)(affirming the Bankruptcy Court's finding that the West Virginia Attorney General's action pursuant to the West Virginia Consumer Credit and Protection Act was exempt from the automatic stay).

13. The reasoning of *In re Luskins, Inc.* has subsequently been applied by bankruptcy courts in North Carolina and Pennsylvania to hold that state court actions brought by states' attorneys general seeking to enforce consumer protection statutes were exempt from the automatic stay. *In re Fitness Mgmt. Group,* 2009 Bankr. LEXIS 3863, 2009 WL 4230075 at *9-12 (Bankr. W.D.N.C); *In re Burns,* 2008 Bankr. LEXIS 3913, 2008 WL 3246244, at *8-11 (Bankr. M.D. Pa. Aug. 7, 2008). Moreover, similar Motions for Exemption filed by the Commonwealth in two related cases in the Eastern District of Virginia Bankruptcy Court were granted over the objections of the respective debtors. *See In re Financing Alternatives, Inc.*, No. 09-74708-SCS [Dkt. No. 33], Bankr. E.D.V.A., Nov. 19, 2009 (St. John, J.); *In re George Harold Christian*, No. 09-74571-SCS [Dkt. No.41] Bankr. E.D.V.A. Nov. 10, 2009 (St. John, J.).

14. As in all the above-cited cases, the Commonwealth's Circuit Court Proceeding relates primarily to public safety and welfare and is aimed at effectuating public policy. The Commonwealth is acting pursuant to its statutory authority to punish and prevent future violations of state consumer protection and charitable solicitation laws, attempting to halt acts of consumer fraud and misrepresentation, prevent deception in the solicitation of charitable donations, and implement the broader purpose of protecting the public interest. The Commonwealth's Circuit Court Proceeding accordingly satisfies both the pecuniary purpose test and the public policy test, and constitutes a legitimate use of the Commonwealth's police and regulatory power. The Court should therefore find that the Commonwealth's Circuit Court Proceeding is exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

      **b.** **In the alternative, the Circuit Court Proceeding is exempt from the automatic stay for cause pursuant to 11 U.S.C. 362(d)(1).**

15. In the alternative, the Commonwealth's Circuit Court Proceeding is entitled to relief from the automatic stay for "cause" pursuant to 11 U.S.C. § 362(d)(1). Section 362(d)(1) of the Bankruptcy Code states that on the request of a party in interest, the court shall grant relief from the stay for cause, including the lack of adequate protection of an interest in property of such party in interest. 11 U.S.C. § 362(d)(1). Courts have discretion to lift the stay and must determine the appropriateness of relief on a case by case basis. *Nationsbank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320, 323 (Bankr. E.D. Va. 1996).

16. Though the Bankruptcy Code does not define what constitutes "cause," the Fourth Circuit in *In re Robbins* articulated the factors a court should consider in deciding whether "cause" has been shown, balancing potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is

denied. 964 F.2d 342, 345 (4th Cir. 1992). According to the Fourth Circuit, the factors to be considered by a bankruptcy court include: (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. *Id*.

17.     Applying the *Robbins* factors, this Court should grant the requested relief. First, the issues involved in the Circuit Court Proceeding involve only state law, specifically the VCPA and the VSOC law, and thus, the expertise of this Court is unneeded. Second, a modification of the stay will promote judicial economy. The Circuit Court Proceeding was pending in Madison County when the Debtor filed this bankruptcy case, and includes a non-debtor party, Charles D. Warren, Jr.—against whom the Commonwealth's allegations are co-extensive. Furthermore, there will be greater interference with the bankruptcy case if the stay is not lifted. The Commonwealth's case will have to be litigated in this Court, requiring this Court to interpret Virginia law, review the case files, and hear evidence. Finally, the Debtor's estate or the interests of other creditors will not be harmed by the lifting of the automatic stay. The Circuit Court of Madison County will determine the Debtor's liability under the VCPA and the VSOC law, enjoin further violations of these laws, order refunds to affected consumers, and impose civil penalties and court costs. However, this Court will retain jurisdiction to subsequently determine the enforcement of any judgment against the estate. Therefore, in considering the *Robbins*

factors, the Commonwealth is entitled to relief from the automatic stay to continue its Circuit Court Proceeding against the Debtor for "cause" under 11 U.S.C. § 362(d)(1).

**WHEREFORE**, for the foregoing reasons, the Commonwealth respectfully requests that this Court enter an Order: (i) determining that continuation of the Circuit Court Proceeding by the Circuit Court of Madison County is exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(4); or, in the alternative, that cause exists for relief from the automatic stay; and (ii) for such other and further relief as the Court deems just and appropriate.

        **COMMONWEALTH OF VIRGINIA,**
        *ex rel*. **MARK R. HERRING,**
        **ATTORNEY GENERAL**

        By _____/s/ Joelle E. Gotwals_____
              Joelle E. Gotwals

Joelle E. Gotwals (VSB # 76779)
Assistant Attorney General
**Office of the Attorney General of Virginia**
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia  23219
Telephone:     (804) 786-8789
Fax:               (804) 786-0122
jgotwals@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

9

## NOTICE

**Your rights may be affected.   You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the Court to grant the relief sought in the motion, or if you want the Court to consider your views on the motion, then within 14 days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the movant.  Unless a written response is filed and served within this 14-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the 14-day period.

You will be notified separately of the hearing date on the motion.

                                        **COMMONWEALTH OF VIRGINIA,**
                                        *ex rel.* **MARK R. HERRING**
                                        **ATTORNEY GENERAL**

Date: ___6/5/2020_____                  By: ___/s/ Joelle E. Gotwals_____
                                                                                   Joelle E. Gotwals

Joelle E. Gotwals (VSB # 76779)
Assistant Attorney General
**Office of the Attorney General of Virginia**
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia  23219
Telephone:    (804) 786-8789
Fax:               (804) 786-0122
jgotwals@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2020, I sent by first-class mail, postage prepaid, a copy of this Motion for Exemption from the Automatic Stay pursuant to 11 U.S.C. § 362(b)(4), or in the Alternative, for Relief from the Automatic Stay for Cause pursuant to 11 U.S.C. § 362(d)(1) and Notice of Motion to the following:

> Service Dogs by Warren Retrievers, Inc.
> Glen Franklin Koontz, Registered Agent
> 4 Barnett Street,
> Berryville, Virginia 22611
>
> Stephen E. Dunn, PLLC
> 201 Enterprise Drive
> Suite A
> Forest, VA 24551
>
> W. Stephen Scott
> PO Box 131
> Charlottesville, VA 22902

                                                                              _____/s/ Joelle E. Gotwals_____