UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

IN RE:  Service Dogs by Warren Retrievers, Inc.         CHAPTER 7
                                                        CASE NO. 20-60860

    Debtor(s)

_____

Commonwealth of Virginia,
Ex. Rel. Mark R. Herring,
Attorney General,

    Movant
v.

Service Dogs by Warren Retrievers, Inc.

And

W. Stephen Scott,
Chapter 7 Trustee

    Respondent(s)

**DEBTOR'S ANSWER TO MOVANT'S MOTION FOR EXEMPTION FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(b)(4) OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY FOR CAUSE PURSUANT TO 11 U.S.C. §362(d)(1)**

Comes now the Debtor, by counsel and answers the movant's motion as follows:

1. Debtor admits the allegation contained in paragraph 1 of the movant's motion.

2. Debtor admits the allegation contained in paragraph 2 of the movant's motion.

3. Debtor admits as to the allegation contained in paragraph 3 that there is a currently a pending action in the Circuit Court but deny any allegations regarding any unproven violations of the Virginia Consumer Protection Act, Virginia Code §§59.1-196 through 59.1-207 or the Virginia Solicitation of Contributions Law, Virginia Code §§ 57-48 through 57-69.

4. Debtor denies the allegations contained in paragraphs 4, 5, 6, 7 of the movant's motion.

5. In paragraph 8, 9, 10, 11, 12, and 13 of the movant's motion consists of a legal conclusion, to which no response from the Debtor is required. To the extent a response is deemed required, this paragraph is denied.

6. In paragraph 14 of the movant's motion consists of a legal conclusion, to which no response from the Debtor is required. To the extent a response is deemed required, this paragraph is denied.

    a. Debtor further alleges that the Circuit Court proceeding is not exempt from the automatic stay based upon the police powers exemption under 11 U.S.C. § 362(b)(4). That the court uses the pecuniary purpose test and the public policy test to determine whether the action falls within the exception. The pecuniary purpose and public policy tests both "contemplate that the bankruptcy court, after assessing the totality of the circumstances, [will] determine whether the particular regulatory proceeding at issue is designed primarily to protect the safety and welfare, or represents a governmental attempt to recover from property of the debtor estate, whether on its own claim, or on the nongovernmental debts of the private parties." *In re McMullen*, 386 F.3d 320, 325 (1st Cir. 2004). Under these circumstances, the Debtor denies the allegations of the Commonwealth that this action "relates primarily to public safety and welfare and is aimed at effectuating public policy." In this action, the Commonwealth is seeking to recover funds of the private citizens. The Commonwealth's proceeding is not "protecting the safety and welfare" of its citizens as the Debtor is no longer operating as a business. Also, the Debtor is being unreasonably subjected to a potential default judgment due to the Debtor being unrepresented by counsel in the state action as required by Virginia law and the Debtor has no assets to acquire counsel. Therefore, the Commonwealth does not fall under the exception as it is trying to recover funds of private parties as there is no alleged risk to public safety or public policy due to the business ceasing operations.

7. In paragraph 15, 16, and 17 of the movant's motion consists of a legal conclusion, to which no response from the Debtor is required. To the extent a response is deemed required, this paragraph is denied.

    a. Also, the Debtor further alleges that the automatic stay is in effect under 11 U.S.C. § 362(a)(1). That relief is not warranted under the Robbins factors alleged by the Commonwealth. This action is attempting to recover funds for private citizens. These citizens would have equal right to file a claim in the Debtor's bankruptcy to be paid from the assets of the business. Allowing the state proceeding continue will annihilate the bankruptcy estate and will not allow the opportunity for any and all creditor to be paid pro rata from the estate. Also, the Debtor is unable to adjudicate in state court and would only hinder the Chapter 7 Trustee from being able to liquidate and distribute any assets of the Debtor. Therefore, there is no cause for the automatic stay to be lifted.

Wherefore the Debtor(s), moves that the motion to find that the Circuit Court proceedings are not exempt from the automatic stay and that there is no cause for relief from the automatic stay.

Dated: 6/19/2020                    Service Dogs by Warren Retrievers, Inc.

                                    By: /s/ Stephen E. Dunn, Esq.
                                    Stephen E. Dunn, Esq., VSB No. 26355
                                    Michelle J. Dunn, Esq., VSB No. 90687
                                    Stephen E. Dunn, PLLC
                                    201 Enterprise Dr., Suite A
                                    Forest, Va. 24551
                                    Phone: 434-385-4850
                                    Email: stephen@stephendunn-pllc.com
                                           michelle@stephendunn-pllc.com


CERTIFICATE OF SERVICE

I certify that a copy of the preceding answer has been served via ECF to attorney for the creditor on this **19th** *day of* ***June, 2020***.

/s/ Stephen E. Dunn, Esq.