## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

In re:

SERVICE DOGS BY WARREN
RETRIEVERS, INC.,

Debtor.

Case No. 20-60860-RBC
Chapter 7

## CHAPTER 7 TRUSTEE'S MOTION FOR EXAMINATION OF CERTAIN PARTIES PURSUANT TO RULE 2004  OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

W. Stephen Scott (the "**Trustee**"), the Chapter 7 Trustee for the bankruptcy estate of

Service Dogs by Warren Retrievers, Inc. (the "**Debtor**"), by and through his undersigned counsel,

hereby files this motion (the "**Motion**") for entry of an order pursuant to Rule 2004 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9013-1(G) of the Local Rules

(the "**Local Rules**") of the United States Bankruptcy Court for the Western District of Virginia

(the "**Bankruptcy Court**") compelling the 2004 Parties (as defined herein) to produce certain

documents and submit to examination.  In support of the Motion, the Trustee respectfully states as

follows:

_____
Robert S. Westermann (VSB No. 43294)
Kristen E. Burgers (VSB No. 67997)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9500
Facsimile:      804.644.0957
E-mail:          rwestermann@hirschlerlaw.com
                 kburgers@hirschlerlaw.com
                 bfalabella@hirschlerlaw.com

*Counsel for W. Stephen Scott, Chapter 7 Trustee*
*of the Estate of Service Dogs by Warren Retrievers, Inc.*

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Rule 9013-1(G).

## BACKGROUND

3.      On May 29, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**").  Thereafter, the Trustee was duly appointed as the Chapter 7 Trustee.

4.      The Debtor was in the business of raising, training, and placing purported service dogs with individuals with certain diseases or disorders, such as diabetes, autism, post-traumatic stress disorder, and seizure disorders.  The Debtor characterized these conditions as "invisible disabilities, " which its service dogs were trained to detect and to alert either the individual or family members of an imminent acute condition.

5.      The Debtor's business operations were based on an approximately 235-acre farm located in Madison County, Virginia, which is comprised of two parcels.  The larger parcels, consisting of approximately 158 acres, a house, and other buildings and improvements, is owned by Bordeaux Farms, LLC ("**BF**").  The adjacent approximately 75-acre parcel is owned by Charitable Occasion, LLC ("**CO**").  The Debtor entered into a Lease Agreement dated October 31, 2011, for office and kennel space.  The monthly rent payment was $3,600.00.

6.      BF and CO are each controlled by Mr. Warren, the Debtor's principal.  BF and CO also filed chapter 11 bankruptcy petitions in the Bankruptcy Court (Case Nos. 19-60607 and 19-

60609, respectively) and are currently operating under confirmed plans of reorganization which are dependent upon the income from the Debtor's monthly rent payment.

7.      While the Debtor held itself out to be a nonprofit entity, it generally charged $18,000 to $27,000 for its service dogs, with the average fee of $25,000 (the "**Fee**").  This Fee purportedly included not just the cost of the dog and initial orientation with the dog and the affected individual and his/her family, but also ongoing support and training for two years after placement.

8.      Because many individuals and families (each, a "**Recipient**") could not afford the Fee, the Debtor offered assistance in raising funds to pay for the service dogs.  This assistance would often come in the form of a "grant," which would be offered on the condition that the Recipient raised the balance of the funds, often through the support of friends and family.  For example, in the spring of 2020, the Debtor offered a $7,500 grant to a family that wanted a service dog.  The family raised $17,500, the balance of Fee, through their own contributions, family members' contributions, and employer matching funds.  The Debtor represented that its dogs were thoroughly evaluated as puppies and selected for their temperament, scenting ability, and health and thereafter underwent rigorous training to become qualified service dogs.  In reality, however, the service dogs often had minimal training, even in basic house manners, and were nothing more than cute, expensive puppies.

9.      As a result of these practices, on May 7, 2018, the Commonwealth of Virginia filed a complaint against the Debtor and Charles D. Warren, Jr., the Debtor's founder and principal, in the Circuit Court for Madison County alleging, among other things,  violations of the Virginia Consumer Protection Act and the Virginia Solicitation of Contributions laws against the Debtor (the "**State Court Litigation**").  Specifically, the Commonwealth alleges that the Debtor misrepresented, *inter alia*:  (a) the skills and abilities of the dogs, (b) the testing and training of the

dogs, (c) the assistance that would be provided and other services that were included in the Fee, (d) how consumers could pay for the dog, and (e) why refunds were not permitted.  The State Court Litigation is still ongoing, and on July 31, 2020, the Bankruptcy Court entered an order [Docket No. 43] granting relief from the automatic stay to the Commonwealth to continue the State Court Litigation.

10.     As listed on the Debtor's Statement of Financial Affairs [Docket No.19] (the "**SOFA**"), the Debtor had gross revenue of $1,300,000 in 2018, $980,000 in 2019, and $219,000 in 2020 through the Petition Date.  Despite this apparently significant income, the Debtor had virtually no assets as of the Petition Date.

11.     Upon information and belief, the Trustee believes that , the Debtor, through Mr. Warren and his family members, its Board of Directors, and related entities, liquidated, transferred, and/or otherwise concealed all the Debtor's assets  The Trustee believes that the 2004 Parties have information related to the dissipation of assets, the Debtor's allegedly fraudulent activities, and other claims and causes of action relevant to this Bankruptcy Case.

12.     The Trustee has uncovered some evidence of suspected fraud and requires further inquiry of the 2004 Parties' relationship with the Debtor to fully investigate.

## <u>REQUEST FOR RELIEF</u>

13.     By this Motion, the Trustee seeks to request documents and/or examinations of the following parties:

<u>Family Parties</u> (**<u>Exhibit A</u>**):

    a.     Charles D. Warren, Jr. ("**Warren**");
    b.     Jacob M. Dudek-Warren a/k/a Jacob Dudek ("**Dudek**"); and
    c.     Marianne Warren ("**Marianne**", and together with Warren and Dudek, the "**Family Parties**").

Related Entities (**Exhibit B**):

    d.    Bordeaux Farms, LLC ("**BF**");

    e.    Bordeaux Livestock, LLC ("**BL**"); and

    f.    Charitable Occasion, LLC ("**CO**")

    g.    Somerset Labradors, LLC ("**Somerset**" and together with BF, BL, and CO, the "**Related Entities**").

Board of Directors (**Exhibit C**):

    h.    Dr. Wendy R. Regal, DVM ("**Regal**");

    i.    Harold Belkowitz ("**Belkowitz**");

    j.    Jonathan Beach ("**Beach**");

    k.    Virginia Rushing ("**Rushing**"); and

    l.    Ira Arbus ("**Arbus**", together with Regal, Belkowitz, Beach, and Rushing, the "**Directors**").

Financial Institution Parties (**Exhibit D**):

    m.    American Express ("**AmEx**");

    n.    J.P. Morgan Chase Bank, N.A., d/b/a Chase Bank and Chase ("**Chase**");

    o.    Authorize.net ("**Authorize**");

    p.    Donor Drive ("**DD**");

    q.    Wells Fargo Bank, N.A. ("**Wells Fargo**");

    r.    Wex, Inc. ("**Wex**"); and

    s.    Truist Financial f/k/a BB&T ("**Truist**" and together with AmEx, Chase, Authorize, DD, Wells Fargo, and Wex, the "**Financial Institution Parties**").

Attorney Parties (**Exhibit E**):

    t.    Glen Koontz, Esq. ("**Koontz**");

    u.    Mark Paullin, Esq. ("**Paullin**");

    v.    Stephen Dunn ("**Dunn**");

    w.    John B. Russell, Jr. ("**Russell**"); and

    x.    Spotts Fain PC ("**SF**", and together with Koontz, Paullin, Dunn, and Russell, the "**Attorney Parties**").

Former Employees (**Exhibit F**):

    y.    Tracy Stakley ("**Stakley**");

    z.    Michelle Hyman ("**Hyman**");

    aa.    Gabby Brock ("**Brock**");

    bb.    Erin Gray ("**Gray**");

    cc.    Ivan Petersel ("**Petersel**");

    dd.    Robert Dalton ("**Dalton**");

ee.  Marcus Dean ("**Dean**");
ff.  Regina Ross-Schmid ("**Ross**");
gg.  Jessica Charrette ("**Charrette**"); and
hh.  Kristin Reynolds ("**Reynolds**", and together with Stakley, Hyman, Brock, Gray, Petersel, Dalton, Dea, Ross, and Charrette, the "**Former Employees**").

Accountant Parties (**Exhibit G**):

ii.  Adams, Jenkins & Cheatham ("**AJC**"); and
jj.  Frank E. Jenkins, CPA ("**Jenkins**" and together with AJC, the "**Accountant Parties**").

(collectively, and together with their respective present or former, foreign or domestic, predecessors, successors, assigns, parents, subsidiaries, affiliates, associated entities, divisions, branches, area or regional offices and departments, the "**2004 Parties**").

## LEGAL ARGUMENT

14.  The scope of a Rule 2004 examination is very broad.  The purpose of the Rule 2004 examination is to aid in the discovery of assets, including potential causes of action, and if a third person can be shown to have a relationship with the debtor's affairs, the party is subject to a Rule 2004 examination.  *See In re Mantolesky*, 14 B.R. 973, 977 (D. Mass. 1981).  Courts within the Fourth Circuit "long held that the scope of an examination under Bankruptcy Rule 2004 is extremely wide; some going as far as saying that 2004 allows fishing expeditions." *In re Nucletron Mfg. Corp.*, No. 93-34486S, 1994 WL 16191611, at *2 (Bankr. E.D. Va. Mar. 17, 1994); *see also In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (Bankruptcy Rule 2004 "permits a party invoking it to undertake a broad inquiry of the examiner, in the nature of a 'fishing expedition.'"); *In re Fearn*, 96 B.R. 135, 137–38 (Bankr. S.D. Ohio 1989) ("It is well-established that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted.").

15.     Bankruptcy Rule 2004(a) authorizes any party in interest to move the court for an order authorizing the examination of any entity.  Bankruptcy Rule 2004(b) provides that the scope of the examination may relate "to acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ."  Fed R. Bank. P. 2004(b).  Additionally, Bankruptcy Rules 2004(c) and 9016 allow a party invoking Bankruptcy Rule 2004 to compel the attendance of an entity for examination and to compel the production of documents from the entity that is the subject of the examination.  Fed R. Bank. P. 2004(c).

16.     The Trustee believes that the 2004 Parties are in possession of information and data that is essential to the investigation of the assets and liabilities of the Debtor's estate and to trace the flow of money in and out of the various bank accounts owned by the Debtor and/or entities under the same control of Debtor, including, but not limited to, bank account statements, cancelled checks, deposit slips, wire transmittal slips, signature cards, receipts, debit advices, credit advices, remittances, and other supporting financial documents reflecting all deposit and withdrawal activity.

17.     In connection with the fulfillment of his duties under the Bankruptcy Code and in connection with the on-going fraud and forensic investigation of the Debtor, the Trustee needs to review the information and data in the possession of the 2004 Parties to fully understand various transactions, payments, transfers, and other matters that will affect the administration of the estate. This information is necessary to ascertain the assets of the Debtor's bankruptcy estate and to discover the existence of any avoidable transfers under chapter 5 and any other relevant provision of the Bankruptcy Code.

18.     The Trustee respectfully requests that the Court authorize the Trustee to examine the 2004 Parties to the fullest extent permitted by the Federal Rules of Bankruptcy Procedure 2004 and 9016 and empower him to take all actions necessary to implement said authority, including but not limited to issuing and serving subpoenas for production of documents and for the examination of witnesses from the 2004 Parties.

19.     Bankruptcy Rule 2004 does not explicitly require that the movant provide any notice to other parties. However, the Trustee will provide twenty-one days' notice of this Motion to the Debtor, Debtor's counsel, the proposed 2004 Parties and/or their counsel (if known), the Office of the United States Trustee, and all parties having filed a notice of appearance in the Debtor's case.

20.     "Rule 2004 motions are generally granted ex parte, as was the case here, without the advance notice required to be given in a contested matter." *In re Symington*, 209 B.R. 678, 689 (Bankr. D. Md. 1997) (citing 9 Collier on Bankruptcy P 2004.01[2] (15th ed. rev. 1996)).

21.     The Trustee will provide 21 days' notice of the Motion to all prospective 2004 Parties and other parties in interest. Other jurisdictions only requires 7 days' negative notice for motions seeking relief under Bankruptcy Rule 2004.  *See, e.g.*, Bankr. E.D. Va. Local Rule 2004-1.  Thus, the Trustee is offering a longer notice period in this case, which is clearly sufficient.

22.     Furthermore, the 2004 Parties will have an opportunity to seek relief from any subpoena duly issued and served by the Trustee should they so choose.  The Motion only seeks entry of an order allowing the Trustee to begin his investigative process, which relief can be granted on an *ex-parte* basis. *See In re Symington*, 209 B.R. at 689.

23.     Local Rule 9013-1(G) further provides that in accordance with Rule 78 of the
Federal Rules of Civil Procedure, the Court may rule upon motions without an oral hearing, unless
otherwise required by the Bankruptcy Code, the Bankruptcy Rules, or these Local Rules.

24.     Based upon the foregoing, the Trustee submits that notice of the instant Motion and
relief sought herein is sufficient, and that no additional or further notice or hearing should be
required.  Accordingly, the Trustee submits that the Court may rule upon this Motion without oral
hearing pursuant to Local Rule 9013-1(G).

## CONCLUSION

**WHEREFORE**, the Trustee requests: (i) that this Court enter an order, substantially in the
same form as the proposed order attached hereto as **Exhibit H**, granting the Motion; and (ii) such
other and further relief as this Court deems just and proper.

Dated:  September 17, 2020                    Respectfully submitted,

*/s/ Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Kristen E. Burgers (VSB No. 67997)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:      804.644.0957
E-mail: rwestermann@hirschlerlaw.com
        kburgers@hirschlerlaw.com
        bfalabella@hirschlerlaw.com

*Counsel for W. Stephen Scott, Chapter 7
Trustee of the Estate of Service Dogs by
Warren Retrievers, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2020, I caused a true and correct copy of the foregoing Motion to be served using this Court's CM/ECF electronic case management system on all parties receiving electronic notice in this case.  I also certify that on September 17, 2020, I served the foregoing Motion by first class-U.S. mail, postage prepaid, on the attached service list.

   /s/ Robert S. Westermann
Counsel

## Service List

| | | |
|---|---|---|
| **Charles D. Warren, Jr.**<br>**PO Box 647**<br>**Madison, VA 22727** | **Jacob M. Dudek-Warren**<br>**PO Box 647**<br>**Madison, VA 22727** | **Marianne Warren**<br>**6140 Pine Slash Road**<br>**Mechanicsville, VA 23116** |
| **Bordeaux Farms, LLC**<br>**c/o Charles D. Warren Jr.**<br>**1543 Beahm Town Road**<br>**Culpeper, VA 22701** | **Bordeaux Livestock, LLC**<br>**c/o Charles D. Warren Jr.**<br>**1543 Beahm Town Road**<br>**Culpeper, VA 22701** | **Charitable Occasions, LLC**<br>**c/o Glen Franklin Koontz**<br>**Post Office Box 1176, 4 Barnett Street**<br>**Berryville, VA 22611** |
| **Dr. Wendy R. Regal**<br>**1222 Townbrook Crossing**<br>**Charlottesville, VA 22901** | **Harold Belkowitz**<br>**Belkowitz Law, PLLC**<br>**10427 North Street, Suite 200**<br>**Fairfax, VA 22030** | **Jonathan Beach**<br>**79 Hammond Lane, Suite 2**<br>**Plattsburgh, NY 12901** |
| **Virginia Rushing**<br>**11298 James Monroe Hwy**<br>**Culpeper, VA 22701** | **Ira Arbus**<br>**14471 Chamberry Circle**<br>**Haymarket, VA 20169** | **American Express**<br>**c/o Angel Woodard**<br>**59 Grady Street**<br>**Chesapeake, VA 23324** |
| **J.P. Morgan Chase Bank, NA**<br>**James Dimon, President**<br>**383 Madison Avenue, 41st Floor**<br>**New York, NY 10017** | **Authorize.net**<br>**Alfred F. Kelly Jr.**<br>**President and CEO**<br>**2901 N Ashton Boulevard, Suite 500**<br>**Lehi, UT, 84043-5794** | **Donor Drive**<br>**Marc Reubner, CEO**<br>**30 West Third Street**<br>**Cincinnati, OH 05202** |
| **Wells Fargo, NA**<br>**c/o Clayton M. Bernard**<br>**Ninth Street Office Building**<br>**Suite 723**<br>**Richmond, VA 23219** | **Wex Bank**<br>**Steve Elder**<br>**Senior Vice President**<br>**1 Hancock Street**<br>**Portland, ME 04101** | **Truist Financial f/k/a BB&T**<br>**Robert J. Johnson Jr.**<br>**200 West Second Street**<br>**Winston-Salem, NC 27101** |
| **Glen F. Koontz, Esquire**<br>**4 Barnett Street**<br>**Berryville, VA 22611-1104** | **Mark Paullin, Esquire**<br>**575-A Southlake Boulevard**<br>**Richmond, VA 23236** | **Stephen E. Dunn, Esquire**<br>**201 Enterprise Drive, Suite A**<br>**Forest, VA 24551** |
| **John B. Russell, Jr.**<br>**2621 Promenade Parkway, Suite 102**<br>**Midlothian, VA 23113** | **Tracy Stakely**<br>**2511 Holt Street**<br>**Ashland, KY 41101** | **Michelle Hyman**<br>**16012 Caminito de las Noches**<br>**San Diego, CA 92129-3344** |

Gabby Brock
9904 Par Drive
Nokesville, VA 20181

Erin Gray
1747 Bair Road
Punxsutawney, PA 15767

Ivan Petersel
3 Rexal Court
New City, NY 10956

Robert Dalton
1035 Mud Road
Madison, VA 22727

Marcus Dean
1923 Oneals Road
Madison, VA 22727

Regina Ross-Schmid
16 Erlewine Court
Ogallala, NE 69153-7110

Jessica Charrette
1232 9th Street NW
Washington, DC 20001

Kristen Reynolds
8972 Brewer Creek Place
Manassas, VA 20109

Adams, Jenkins & Cheatham
231 Wylderose Drive
Midlothian, VA 23113

Frank E. Jenkins, CPA
231 Wylderose Drive
Midlothian, VA 23113

Somerset Labradors, LLC
c/o Charles D. Warren, Jr.
1543 Beahm Town Road
Culpepper, VA 22701

W. Stephen Scott, Esq.
PO Box 1312
Charlottesville, VA 22902

Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011

## EXHIBIT A – FAMILY PARTIES

This request is made by W. Stephen Scott, the duly-appointed chapter 7 trustee for the bankruptcy estate of Service Dogs by Warren Retrievers, Inc. (the **"Debtor"**) upon Charles D. Warren, Jr. (**"Warren"**), Jacob M. Dudek-Warren a/k/a Jacob Dudek (**"Dudek"**), and Marianne Warren (**"Marrianne"**, and together with Warren and Dudek, the **"Family Parties"**) for records in your possession, custody, or control.

For the purpose of this request, "complete records" shall mean any loans, promissory notes, security agreements, annuities, contracts, agreements, documents related to proposed or contemplated loans or other agreements, checks, joint checks, check registers, pay advices, receipts, wire transfers, credit card statements, invoices, bills, accounts payables or receivables, ledgers, deeds, bills of sale, deeds of trust, mortgages, documents of title, documents pertaining to the sale, transfer, or ownership of property, correspondence, emails, notes, memoranda, legal pleadings, accounting journals, general ledgers, income statements, balance sheets, financial statements, tax records, insurance policies, corporate minutes, articles of organization, bylaws and any other documents whatsoever relating to the matter as to which the request is made.

For the purpose of this request, "relevant time period" shall mean from October 15, 2010 to the present.

1. All documents previously produced to the Commonwealth of Virginia in response to a subpoena or other legal process in *Commonwealth of Virginia v. Service Dogs by Warren Retrievers, Inc., f/k/a Guardian Angel Service Dogs, Inc., et al.*, Case No. CL18003705-00, pending before the Circuit Court for Madison County, Virginia.

2. Complete records during the relevant time period of bank accounts, investment accounts, depositary accounts, or other accounts, of any kind whatsoever, now or formerly held by or managed by the Debtor alone or in concert with others.

3. Complete records during the relevant time period of all transfers any assets, including but not limited to cash or other liquid assets, tangible and intangible personal property, and real property to, from, and / or among the Debtor and any one or more of the Family Parties.

4. Complete records of Warren's military service.

5. Complete records of Warren's expertise training service dogs.

6. Complete records of Warren's and Dudek's expertise in operating a not-for-profit entity.

7.    Complete records of any loans or charitable donations you made to the Debtor, Bordeaux Farms, LLC, Bordeaux Livestock, LLC, Charitable Occasion, LLC, and/or Somerset Labradors, LLC during the relevant time period.

8.    Copies of each Family Member's individual federal and state tax returns for the tax years 2015 through 2019.

9.    Complete records of any assets acquired by any one or more Family Members with a purchase price in excess of $10,000 during the relevant time period.

## EXHIBIT B – RELATED ENTITIES

This request is made by W. Stephen Scott, the duly-appointed chapter 7 trustee for the bankruptcy estate of Service Dogs by Warren Retrievers, Inc. (the **"Debtor"**) upon Bordeaux Farms, LLC (**"BF"**); Bordeaux Livestock, LLC (**"BL"**); Charitable Occasion, LLC (**"CO"**); and Somerset Labradors, LLC (**"Somerset"** and together with BF, BL, and CO, the **"Related Entities"**) and, as applicable, present or former, foreign or domestic, predecessors, successors, assigns, parents, subsidiaries, affiliates, associated entities, divisions, branches, area or regional offices and departments for records in your possession, custody, or control.

For the purpose of this request, "complete records" shall mean any loans, promissory notes, security agreements, annuities, contracts, agreements, documents related to proposed or contemplated loans or other agreements, checks, joint checks, check registers, pay advices, receipts, wire transfers, credit card statements, invoices, bills, accounts payables or receivables, ledgers, deeds, bills of sale, deeds of trust, mortgages, documents of title, documents pertaining to the sale, transfer, or ownership of property, correspondence, emails, notes, memoranda, legal pleadings, accounting journals, general ledgers, income statements, balance sheets, financial statements, tax records, insurance policies, corporate minutes, articles of organization, bylaws and any other documents whatsoever relating to the matter as to which the request is made.

For the purpose of this request, "relevant time period" shall mean from October 15, 2010 to the present.

1. All documents previously produced to the Commonwealth of Virginia in response to a subpoena or other legal process in *Commonwealth of Virginia v. Service Dogs by Warren Retrievers, Inc., f/k/a Guardian Angel Service Dogs, Inc., et al.*, Case No. CL18003705-00, pending before the Circuit Court for Madison County, Virginia.

2. Complete records of entity organizational documents, including but not limited to certificates of formation, articles of organization, amendments thereto, annual and other filings with the Virginia State Corporation Commission, reinstatements, written resolutions and consents, organizational charts, management structure, meeting minutes, etc.

3. Complete records of each Related Entity's mission statement, business plan, marketing plan, and strategic plan, as applicable.

4. Complete records evidencing nonprofit status and filings in furtherance of charitable entity status made with any one or more states.

5. Copies of each Related Entity's individual federal and state tax returns for the tax years 2015 through 2019.

6.      Copies of financial statements (whether audited or not) for each of the Related Entities for each year during the relevant time period, including but not limited to a year-end balance sheet, income statement, profit/loss statement, cash-flow statement, and depreciation schedule.

7.      Complete records during the relevant time period of bank accounts, investment accounts, depositary accounts, or other accounts, of any kind whatsoever, now or formerly held by or managed by any one or more Related Entities alone or in concert with others.

8.      Complete records during the relevant time period of all transfers during the relevant time period of any assets, including but not limited to cash or other liquid assets, tangible and intangible personal property, and real property to, from, and / or among the Debtor and one or more of the Related Entities.

9.      Complete records of any assets acquired by any one or more Related Entities with a purchase price in excess of $10,000 during the relevant time period.

# EXHIBIT C – DIRECTORS

This request is made by W. Stephen Scott, the duly-appointed chapter 7 trustee for the bankruptcy estate of Service Dogs by Warren Retrievers, Inc. (the **"Debtor"**) upon Dr. Wendy R. Regal, DMV ("**Regal**"), Harold Belkowitz ("**Belkowitz**"), Jonathan Beach ("**Beach**"), Virginia Rushing ("**Rushing**"), and Ira Arbus ("**Arbus**", and together with Regal, Belkowitz, Beach, and Rushing, the "**Directors**")  for records in your possession, custody, or control.

For the purpose of this request, "complete records" shall mean any loans, promissory notes, security agreements, annuities, contracts, agreements, documents related to proposed or contemplated loans or other agreements, checks, joint checks, check registers, pay advices, receipts, wire transfers, credit card statements, invoices, bills, accounts payables or receivables, ledgers, deeds, bills of sale, deeds of trust, mortgages, documents of title, documents pertaining to the sale, transfer, or ownership of property, correspondence, emails, notes, memoranda, legal pleadings, accounting journals, general ledgers, income statements, balance sheets, financial statements, tax records, insurance policies, corporate minutes, articles of organization, bylaws and any other documents whatsoever relating to the matter as to which the request is made.

For the purpose of this request, "relevant time period" shall mean from May 29, 2015 to the present.

1. All documents previously produced to the Commonwealth of Virginia in response to a subpoena or other legal process in *Commonwealth of Virginia v. Service Dogs by Warren Retrievers, Inc., f/k/a Guardian Angel Service Dogs, Inc., et al.*, Case No. CL18003705-00, pending before the Circuit Court for Madison County, Virginia. (the "**State Court Litigation**").

2. Complete records of all meetings held by the members of the Board of Directors during the relevant time period, including but not limited to minutes, resolutions, authorizations, and written consents.

3. Complete records of any insurance policies maintained by the Debtor which include Directors' and Officers' liability insurance

4. Complete records during the relevant time period of all transfers of any assets, including but not limited to cash or other liquid assets, tangible and intangible personal property, and real property to, from, and / or among the Debtor, and any one or more  Directors.

5. Complete records during the relevant time period concerning any and all meetings or discussions related to any financial decisions made by the Debtor, including but not limited to decisions related to acquisitions of assets in excess of $10,000, the incurrence of debt, the determination of employee salaries (including the salary

paid to Charles D. Warren, Jr.), the payment of recurring expenses, and the awarding of grants to customers.

6.      Complete records during the relevant time period evidencing the Debtor's relationship with Juvenile Diabetes Research Foundation or any other organization connected to the mission of the Debtor and the Directors' understanding thereof.

7.      Complete records during the relevant time period as to how the Debtor obtained puppies, the screening process for such puppies, and the amounts paid for puppies.

8.      Complete records relating to complaints received by the Directors from individuals or entities purchasing dogs, including but not limited to the nature of each complaint, the investigative process, the results of each investigation, and the action (if any) taken by the Directors in response to each complaint.

9.      Complete records related to any disciplinary or corrective action taken by the Directors with respect to Mr. Warren and or his spouse, Jacob M. Dudek-Warren.

10.     Complete records related to the decision of the Directors to authorize the Debtor's bankruptcy filing, including but not limited to minutes, resolutions, authorizations, consents, discussions, and votes.

11.     Complete records related to the decision of the Directors to liquidate the Debtor's assets prior to the bankruptcy filing, including but not limited to valuations, consultations with experts, research, analyses, minutes, resolutions, authorizations, consents, discussions, and votes.

## EXHIBIT D – FINANCIAL INSTITUTION PARTIES

This request is made by W. Stephen Scott, the duly-appointed chapter 7 trustee for the bankruptcy estate of Service Dogs by Warren Retrievers, Inc. (the **"Debtor"**) upon American Express (**"AmEx"**), J.P. Morgan Chase Bank, N.A., d/b/a Chase Bank and Chase (**"Chase"**), Authorize.net (**"Authorize"**), Donor Drive (**"DD"**), Wex, Inc. (**"Wex"**), Wells Fargo Bank, N.A. (**"Wells Fargo"**) and Truist Financial f/k/a BB&T (**"Truist"** and together with AmEx, Chase, Authorize, DD, Wex, and Wells Fargo, the **"Financial Institution Parties"**) and, as applicable, present or former, foreign or domestic, predecessors, successors, assigns, parents, subsidiaries, affiliates, associated entities, divisions, branches, area or regional offices and departments for records in your possession, custody, or control.

For the purpose of this request, "complete records" shall mean any loans, promissory notes, security agreements, annuities, contracts, agreements, documents related to proposed or contemplated loans or other agreements, checks, joint checks, check registers, pay advices, receipts, wire transfers, credit card statements, invoices, bills, accounts payables or receivables, ledgers, deeds, bills of sale, deeds of trust, mortgages, documents of title, documents pertaining to the sale, transfer, or ownership of property, correspondence, emails, notes, memoranda, legal pleadings, accounting journals, general ledgers, income statements, balance sheets, financial statements, tax records, insurance policies, corporate minutes, articles of organization, bylaws and any other documents whatsoever relating to the matter as to which the request is made.

For the purpose of this request, "relevant time period" shall mean from May 29, 2015 to the present.

1.      Complete records during the relevant time period of security accounts, investment accounts, bank accounts, depositary or other accounts, of any kind whatsoever, now or formerly held by or managed by the Debtor, Bordeaux Farms, LLC, Bordeaux Livestock, LLC, Charitable Occasion, LLC, Somerset Labradors, LLC, Charles D. Warren, Jr., and/or Jacob M. Dudek-Warren a/k/a Jacob Dudek alone or in concert with others.

2.      Complete records during the relevant time period of investments, investment relationships, investment accounts, and bank or credit accounts in which the Debtor,  Charles D. Warren, Jr., Jacob M. Dudek-Warren a/k/a Jacob Dudek, and Marianne Warren**,** Bordeaux Farms, LLC, Bordeaux Livestock, LLC, Charitable Occasion, LLC, and/or Somerset Labradors, LLC had any interest (including ownership, management, possessory, joint, individual, control or other).

3.      Complete records of any financial applications made by the Debtor, Charles D. Warren, Jr., Jacob M. Dudek-Warren a/k/a Jacob Dudek, and Marianne Warren**,** Bordeaux Farms, LLC, Bordeaux Livestock, LLC, Charitable Occasion, LLC, and/or Somerset Labradors, LLC for credit, including but not limited to credit cards, bank loans, and other purchase money loans.

4.      Complete records of internal communications, evaluations, and analyses with respect to the financial condition of the Debtor, Charles D. Warren, Jr., Jacob M. Dudek-Warren a/k/a Jacob Dudek, and Marianne Warren**,** Bordeaux Farms, LLC, Bordeaux Livestock, LLC, Charitable Occasion, LLC, and/or Somerset Labradors, LLC and your potential remedies against such party(ies).

## EXHIBIT E – ATTORNEY PARTIES

This request is made by W. Stephen Scott, the duly-appointed chapter 7 trustee for the bankruptcy estate of Service Dogs by Warren Retrievers, Inc. (the **"Debtor"**) upon Glen Koontz, Esq (**"Koontz"**), Mark Paullin, Esq. (**"Paullin"**), Stephen Dunn (**"Dunn"**), John B. Russell, Jr. (**"Russell"**), and Spotts Fain PC (**"SF"** and together with Koontz, Paullin, and Dunn, the **"Attorney Parties"**)  for records in your possession, custody, or control.

For the purpose of this request, "complete records" shall mean any loans, promissory notes, security agreements, annuities, contracts, agreements, documents related to proposed or contemplated loans or other agreements, checks, joint checks, check registers, pay advices, receipts, wire transfers, credit card statements, invoices, bills, accounts payables or receivables, ledgers, deeds, bills of sale, deeds of trust, mortgages, documents of title, documents pertaining to the sale, transfer, or ownership of property, correspondence, emails, notes, memoranda, legal pleadings, accounting journals, general ledgers, income statements, balance sheets, financial statements, tax records, insurance policies, corporate minutes, articles of organization, bylaws and any other documents whatsoever relating to the matter as to which the request is made.

For the purpose of this request, "relevant time period" shall mean from May 29, 2015 to the present.

1.    All documents previously produced to the Commonwealth of Virginia in response to a subpoena or other legal process in *Commonwealth of Virginia v. Service Dogs by Warren Retrievers, Inc., f/k/a Guardian Angel Service Dogs, Inc., et al.*, Case No. CL18003705-00, pending before the Circuit Court for Madison County, Virginia.

2.    Complete records during the relevant time period of escrow, client trust or other accounts, of any kind whatsoever, now or formerly held for the benefit of the Debtor, Charles D. Warren, Jr., Bordeaux Farms, LLC, Bordeaux Livestock, LLC, Charitable Occasions, LLC, and/or Somerset Labradors, LLC (collectively, the **"Client Parties"**), alone or in concert with others.

3.    Complete records during the relevant time period of all transfers of any assets, including but not limited to cash or other liquid assets, tangible and intangible personal property, and real property to, from, and / or among any one or more Client Parties and any one or more Attorney Parties.

**4.**    Complete records during the relevant time period concerning any and all meetings, discussions, or e-mails related to the Debtor's finances and/or operations, including but not limited to , cash management policies, risk management policies, non-profit status, customer complaints alleged against the Debtor and/or Mr. Warren, and/or the liquidation of the Debtor's assets.

## EXHIBIT F – FORMER EMPLOYEES

This request is made by W. Stephen Scott, the duly-appointed chapter 7 trustee for the bankruptcy estate of Service Dogs by Warren Retrievers, Inc. (the **"Debtor"**) upon Tracy Stakley (**"Stackley"**), Michelle Hyman (**"Hyman"**), Gabby Brock (**"Brock"**), Erin Gray (**"Gray"**), Ivan Petersel (**"Petersel"**), Robert Dalton (**"Dalton"**), Marcus Dean (**"Dean"**), Regina Ross-Schmid (**"Ross"**), Jessica Charrette (**"Charette"**), and Kristin Reynolds (**"Reynolds"**, and together with Stackley, Hyman, Brock, Gray, Petersel, Dalton, Dean, Ross, and Charette, the **"Former Employees"**) for records in your possession, custody, or control.

For the purpose of this request, "complete records" shall mean any loans, promissory notes, security agreements, annuities, contracts, agreements, documents related to proposed or contemplated loans or other agreements, checks, joint checks, check registers, pay advices, receipts, wire transfers, credit card statements, invoices, bills, accounts payables or receivables, ledgers, deeds, bills of sale, deeds of trust, mortgages, documents of title, documents pertaining to the sale, transfer, or ownership of property, correspondence, emails, notes, memoranda, legal pleadings, accounting journals, general ledgers, income statements, balance sheets, financial statements, tax records, insurance policies, corporate minutes, articles of organization, bylaws and any other documents whatsoever relating to the matter as to which the request is made.

For the purpose of this request, "relevant time period" shall mean from May 29, 2015 to the present.

1.  All documents previously produced to the Commonwealth of Virginia in response to a subpoena or other legal process in *Commonwealth of Virginia v. Service Dogs by Warren Retrievers, Inc., f/k/a Guardian Angel Service Dogs, Inc., et al.*, Case No. CL18003705-00, pending before the Circuit Court for Madison County, Virginia.

2.  Complete records of your job description, your experience and qualifications for such job, your dates of employment, and your salary during the period of employment.

3.  Complete records during the relevant time period concerning any and all meetings, correspondence (oral or written), or discussions related to the finances and / or operations of the Debtor, including but not limited to cash management policies, risk management policies, non-profit status, customer complaints alleged against the Debtor and/or Charles D. Warren, Jr., and/or the liquidation of the Debtor's assets.

4.  Complete records during the relevant time period of all transfers of any assets, including but not limited to cash or other liquid assets, tangible and intangible personal property, and real property to, from, and / or among Charles D. Warren,

Jr., Bordeaux Farms, LLC, Bordeaux Livestock, LLC, Charitable Occasions, LLC, and/or Somerset Labradors, LLC and any one or more Former Employees.

5.   Complete records during the relevant time period as to how the Debtor obtained puppies, the screening process for such puppies, and the amounts paid for puppies.

## EXHIBIT G – ACCOUNTANT PARTIES

This request is made by W. Stephen Scott, the duly-appointed chapter 7 trustee for the bankruptcy estate of Service Dogs by Warren Retrievers, Inc. (the **"Debtor"**) upon Adams Jenkins & Cheatham ("**AJC**"); Frank E. Jenkins, CPA ("**Jenkins**", and together with AJC, the "**Accountant Parties"** and, as applicable, present or former, foreign or domestic, predecessors, successors, assigns, parents, subsidiaries, affiliates, associated entities, divisions, branches, area or regional offices and departments for records in your possession, custody, or control.

For the purpose of this request, "complete records" shall mean any loans, promissory notes, security agreements, annuities, contracts, agreements, documents related to proposed or contemplated loans or other agreements, checks, joint checks, check registers, pay advices, receipts, wire transfers, credit card statements, invoices, bills, accounts payables or receivables, ledgers, deeds, bills of sale, deeds of trust, mortgages, documents of title, documents pertaining to the sale, transfer, or ownership of property, correspondence, emails, notes, memoranda, legal pleadings, accounting journals, general ledgers, income statements, balance sheets, financial statements, tax records, insurance policies, corporate minutes, articles of organization, bylaws and any other documents whatsoever relating to the matter as to which the request is made.

For the purpose of this request, "relevant time period" shall mean from May 29, 2015 to the present.

1.  All documents previously produced to the Commonwealth of Virginia in response to a subpoena or other legal process in *Commonwealth of Virginia v. Service Dogs by Warren Retrievers, Inc., f/k/a Guardian Angel Service Dogs, Inc., et al.*, Case No. CL18003705-00, pending before the Circuit Court for Madison County, Virginia.

2.  Complete financial records and reports during the relevant time period with respect to the Debtor, Charles D. Warren, Jr., Bordeaux Farms, LLC, Bordeaux Livestock, LLC, Charitable Occasions, LLC, and/or Somerset Labradors, LLC (collectively, the "**Related Parties**") including but not limited to (a) year-end balance sheets, income statements, and cash flow statements, (b) business projections, (c) state and federal tax returns and all documents prepared in connection with the preparation of tax returns, (d) state and federal filings and related documents prepared in connection with any entity's nonprofits status, and (e) all records kept in the ordinary course of business, whether provided to the Accounting Parties by the Related Parties or generated by the Accounting Parties for the benefit of the Related Parties.

3.  Complete records of all accounts, of any kind whatsoever, now or formerly held by or for the benefit of the  Debtor and/or the Related Parties alone or in concert with others.

4.  Complete records during the relevant time period of all transfers of any assets, including but not limited to cash or other liquid assets, tangible and intangible

      personal property, and real property to, from, and / or among the Related Parties and/or any one or more Accountant Parties.

5.      Complete records during the relevant time period concerning any and all meetings, correspondence (verbal or written) and/ or discussions with the Related Parties related to the finances and / or operations of the Debtor, including but not limited to cash management policies, risk management policies, non-profit status, customer complaints alleged against the Debtor and/or Charles D. Warren, Jr., and/or the liquidation of the Debtor's assets.

6.      Complete records during the relevant time period of any due diligence performed with respect to or on behalf of the Related Parties.

**<u>EXHIBIT H</u>**

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| In re: | |
| | |
| SERVICE DOGS BY WARREN RETRIEVERS, INC., | Case No. 20-60860-RBC |
| | Chapter 7 |
| Debtor. | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR EXAMINATION OF CERTAIN PARTIES  PURSUANT TO RULE 2004  OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

This matter came before the Court upon the *Chapter 7 Trustee's Motion for Examination of Certain Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "**Motion**")[1] filed by W. Stephen Scott (the "**Trustee**"), in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Service Dogs by Warren Retrievers, Inc. (the "**Debtor**"), by and through his undersigned counsel, for entry of an order pursuant to Rule 2004 of the Federal Rules of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9013-1(G) of the Local Rules (the

"**Local Rules**") of the United States Bankruptcy Court for the Western District of Virginia (the

"**Court**") compelling the 2004 Parties as identified in the Motion to produce certain documents

and submit to examination(s) pursuant to Bankruptcy Rule 2004.  It appears to the Court that the

Motion and Notice thereof were properly served on all necessary parties and that no objections

have been filed.  Accordingly, it is:

**ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.      The Motion is **GRANTED** pursuant to the terms set forth in the Motion and herein;

and it is further

2.      **ORDERED** that the Trustee is authorized to examine the 2004 Parties to the fullest

extent permitted by the Federal Rules of Bankruptcy Procedure 2004 and 9016 and is further

authorized and empowered to take all actions necessary to implement said authority, including but

not limited to issuing and serving subpoenas for production of documents and for the examination

of witnesses; and it is further

3.      **ORDERED** that the Court shall retain jurisdiction to interpret, clarify, supplement,

and/or enforce this Order; and it is further

4.      **ORDERED** that the terms of this Order are immediately enforceable and not

subject to any applicable stay.

***End of Order***

We ask for this:

  _/s/  Draft_
Robert S. Westermann (VSB No. 43294)
Kristen E. Burgers (VSB No. 67997)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:      804.644.0957
E-mail: rwestermann@hirschlerlaw.com
           kburgers@hirschlerlaw.com
           bfalabella@hirschlerlaw.com

*Counsel for W. Stephen Scott, Chapter 7 Trustee*
*of the Estate of Service Dogs by Warren Retrievers, Inc.*

Seen and no objection:

  _/s/ Draft_
B. Webb King (VSB No. 47044)
OFFICE OF THE U.S. TRUSTEE
210 First Street, Suite 505
Roanoke, Virginia 24011
Phone:            (540) 857-2806
Facsimile:       (540) 857-2844 (fax)
Email:            Webb.King@usdoj.gov

*Office of the U.S. Trustee*

4