# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

_____
                                                    )
*In re*:                                            )
                                                    )    Case No. 20-60860-RBC
Service Dogs by Warren Retrievers, Inc.,            )    Chapter 7
                                                    )
    *Debtor*.                                    )
_____)

### SPOTTS FAIN PC'S RESPONSE TO AND RESERVATION OF RIGHTS REGARDING THE CHAPTER 7 TRUSTEE'S MOTION FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND MOTION FOR A PROTECTIVE ORDER

Spotts Fain, PC ("Spotts Fain"), through counsel, respectfully files this response to and reservation of rights regarding the Chapter 7 Trustee's (the "Trustee") Motion for Examination of Certain Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion") and requests the Court enter an order protecting the rights of Spotts Fain as set forth below. In support, Spotts Fain states as follows:

1. On September 17, 2020, the Trustee filed the Motion requesting entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(G) of the Local Rules of this Court compelling certain parties to produce certain documents and submit to examination pursuant to Bankruptcy Rule 2004. (ECF No. 47.)

2. In the Motion, the Trustee seeks the right to request documents and/or examination from a number of "Attorney Parties," including Spotts Fain, that the Trustee believes are in possession of information and data essential to the Trustee's investigation of the Debtor's estate.

---

Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Christopher A. Hurley, Esq. (VSB No. 93575)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2000
Facsimile:    (804) 697-2100
*Counsel to Spotts Fain PC*

(*Id.* ¶ 13.)

3. Spotts Fain has no desire to prejudice or delay the Trustee's investigation.

4. Exhibit E of the Motion states that the "relevant time period" is from May 29, 2015, to the present, and defines "complete records" broadly to include "any . . . documents whatsoever relating to the matter as to which the request is made." (*Id.*)

5. Spotts Fain has not represented any of the Client Parties since before the relevant time period began and, accordingly, asserts that it does not have any documents, information, or records related to its representation of any of the Client Parties of the type, or within the time frame, requested in Exhibit E. To the extent that any of the requests by the Trustee in the Motion predate the relevant period, Spotts Fain objects due to the breadth of the requests as they are unduly burdensome, overly broad and the burden or expense of the proposed discovery outweighs its likely benefit.

6. Spotts Fain acknowledges that the Trustee "has the power to waive the [Debtor's] attorney-client privilege with respect to prebankruptcy communications." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 358 (1985). However, the Trustee also may request information related to Spotts Fain's former representation of non-debtor parties that is protected from disclosure and is therefore outside the scope of a Rule 2004 examination.[1] *See In re Yahweh Ctr., Inc.*, 2017 Bankr. LEXIS 193, at *4 (Bankr. E.D.N.C. Jan. 23, 2017) (citing *In re Symington*, 209 B.R. 678 (Bankr. D. Md. 1997)) ("The scope [of a Rule 2004 inquiry] may not violate the recognized legal principles of the attorney-client privilege . . . .").

---

[1] Between 2013 and 2014, Spotts Fain initiated a collection action and obtained a judgment against certain of the Client Parties. To the extent the Trustee's request may be construed broadly enough to encompass confidential information related to Spotts Fain's collection action, Spotts Fain again asserts that the information requested includes documents, tangible things, or information that are protected from disclosure pursuant to the attorney-client privilege, work product doctrine, and/or other applicable privileges and protections.

2

7. Under the Rules of Professional Responsibility, Spotts Fain is entitled or obligated to protect any applicable attorney-client, work product and other privileges that are not owned by the Trustee and objects to any requests by the Trustee in the Motion for documents or other information that are protected by any such privilege or doctrine.

8. Paragraph 22 of the Motion provides "Furthermore, the 2004 Parties will have an opportunity to seek relief from any subpoena duly issued and served by the Trustee should they so choose.". However, the sketch Order attached to the Motion as Exhibit H does not contain this language. At a bare minimum, the protective language confirming the rights of parties receiving subpoenas from the Trustee to raise applicable objections should be incorporated into any order granting the motion.

9. Prior to filing this response, counsel for Spotts Fain spoke with the Trustee's counsel regarding this matter. Spotts Fain will continue to work with the Trustee's counsel to attempt to resolve this matter.

**WHEREFORE**, Spotts Fain PC respectfully requests that any order that the Court may enter specifically preserve the rights of Spotts Fain PC and other subpoena recipients to object to any subpoena, seek protective orders and otherwise protect their interests, and award any other relief that is proper.

DATED: October 1, 2020                    SPOTTS FAIN PC


                                          /s/ Robert H. Chappell, III
                                                  Counsel

3

Robert H. Chappell, III, Esq. (VSB No. 31698)
*rchappell@spottsfain.com*
Timothy G. Moore, Esq. (VSB No. 41730)
*tmoore@spottsfain.com*
Christopher A. Hurley, Esq. (VSB No. 93575)
*churley@spottsfain.com*
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:   (804) 697-2000
Facsimile:   (804) 697-2100
*Counsel to Spotts Fain PC*

# CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing was served on October 1, 2020, via U.S. Mail and/or CM/ECF electronic notification, to the following parties:

| | |
|---|---|
| Robert S. Westermann, Esq.<br>Brittany B. Falabella, Esq.<br>HIRSCHLER FLEISCHER, PC<br>2100 East Cary Street<br>P.O. Box 500<br>Richmond, Virginia 23218<br>*Counsel for W. Stephen Scott, Chapter 7 Trustee* | Stephen E. Dunn, Esq.<br>201 Enterprise Drive<br>Suite A<br>Forest, Virginia 24551<br>*Counsel for Service Dogs by Warren Retrievers, Inc.* |

          /s/ Robert H. Chappell, III

4