## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **IN RE: SERVICE DOGS BY WARREN RETRIEVERS, INC.** | |
| Debtor. | Bankruptcy Case No. 20-60860-RBC<br>Chapter 7 |

### OBJECTION TO GLOBAL RESOLUTION MOTIONS (ECF Nos. 103, 105-106)

Creditors Kristin Borg, Katherine Collaros, John Denning IV, and Jeannie Rich (the "Joint Objectors") object to the Global Resolution Motions, and in support of this Objection, state as follows:

The relief sought in the Global Resolution Motion is inequitable. It would unjustly enrich a co-conspirator (Marianne Warren) involved in a scheme to defraud Borg, Collaros, Denning, and Rich (In addition to hundreds of other creditors). It treats Ms. Warren, who is (at best) an unsecured creditor (with *no* proof of claim on file or other viable right to the sale proceeds at issue), as somehow having a superior claim to the other unsecured creditors. And, it would most likely result in hundreds of thousands of dollars of sale proceeds being funneled back to Charles Dan Warren Jr. ("Dan Warren")—the very person who orchestrated the scheme to defraud and whose self-dealing resulted in the Debtor being insolvent.

Dan Warren's fraud scheme is no secret by now. In 2018, the Attorney General for the Commonwealth of Virginia filed a civil enforcement action in the Circuit Court for Madison County against Dan Warren and Debtor, Case No. CL18003705-00. In addition, his fraud scheme is detailed in the ongoing lawsuit filed by the Joint Objectors against Warren and his co-conspirators (including Ms. Warren) in the United States District Court for the Eastern District of Virginia, Case No. 3:21-cv-00012-DJN (the "RICO Case"). As alleged in the RICO Case, and as

Dan Warren testified at the 341 Meeting in this case, Ms. Warren had a " 'vested interest' in his business dealings at SDWR." (*See* RICO Case ECF No. 1 at ¶ 94(b).) In fact, Ms. Warren provided significant funding between approximately 2016 and 2020 to fund the RICO enterprise, expecting a profit. (*Id.* at ¶¶ 55 and 217(e).)

Ms. Warren and her son have apparently lost track of her total investment in Dan Warren's fraud scheme—and, as a result, their positions on how much she is purportedly owed remains ever shifting. For example, when Debtor filed its Chapter Petition in May 2020, it did not schedule any claim whatsoever for Ms. Warren. (ECF Nos. 1 and 19.) Nearly six months later, on November 13, 2020, Debtor filed a Notice under Rule 1009(a) amending its schedules (executed by Dan Warren) to add Ms. Warren as a creditor for an alleged $250,000.00 debt. (ECF. No. 93.) Months later, counsel for Dan Warren in the Adversary Proceeding related to this case, Ms. Warren as a purported creditor in this case, and Dan Warren and Ms. Warren in the RICO Case[1], provided an unsigned declaration from Ms. Warren in which she claims to have provided "$327,000.00" to "her son's company…jointly and severally" and received repayment of at least "$119,000.00 resulting in a purported debt (owed by Debtor and Dan Warren) of $208,000.00. (*See* Declaration of Andrew M. Williamson at ¶¶ 3-4 and its attached exhibit ("Williamson Decl.", which is attached as **Exhibit A**.)

Most recently, Ms. Warren claims yet a different amount is owed to her. According to the Motion to Sell (ECF No. 103), Ms. Warren purportedly claims she somehow has a first or second priority secured lien against the Bordeaux Farms property at issue in the amount of "$1,000,000.00"—however no proof of that lien, nor how it is superior to other liens on the property has been provided. (*See id.*, Motion to Sell at ¶ 15; *see also* Williamson Decl. at ¶¶ 5-8.)

---

[1] Joint Objectors take no position on the apparent conflicts inherent in the same counsel representing the principal of Debtor, Dan Warren and Marianne Warren individually in negotiating the settlement at issue.

These ever-shifting positions—alone—demonstrate that Ms. Warren and her son, Dan Warren are colluding together and further support the allegations in the RICO Case. Neither Ms. Warren nor her son Dan Warren should receive a windfall, at the expense of the unsecured creditors to the estate, as contemplated by the Global Resolution Motions.

Absent additional conditions, there are significant dangers, based on Ms. Warren's and Dan Warren's past actions, that the hundreds of thousands of dollars in sale proceeds will simply end up as seed money for a new Dan Warren scam. To be clear, the Joint Objectors do not object to the sale of the Bordeaux Farms property nor the Chapter 7 Trustee's ability to bring that property into the estate and sell it to help fund the estate.

However, the cost imposed by the Global Resolution Motions is too high and inequitable. The Court should deny the Global Resolution Motions.

Dated: May 27, 2021                                         Respectfully Submitted

*/s/ Andrew M. Williamson*
Andrew M. Williamson VSB No. 83366
MEMBER
**A.WILLIAMSON, LLC**
12410 Milestone Center Drive
Suite 600
Germantown, MD 20876
Direct: 301-916-1560
Email: amw@awilliamson.law
*Counsel for Creditors Kristin Borg, Katherine Collaros, John Denning IV and Jeannie Rich*

**Certificate of Service**

I certify that on May 27, 2021 I filed the foregoing with the Clerk of the Court using the CM/ECF system, which provide electronic service to all counsel of record.

> */s/ Andrew M. Williamson*
> Andrew M. Williamson